FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 22 2008

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01862-BNB

ROBERT E. CHANNEL,

    Plaintiff,

v.

PUEBLO COUNTY JAIL,
HEAD NURSE PUEBLO COUNTY JAIL, and
CAPTAIN PUEBLO COUNTY JAIL,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Robert E. Channel, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Fort Lyon, Colorado, Correctional Facility. Mr. Channel initiated this action by filing a *pro se* Prisoner Complaint alleging that his constitutional rights have been violated. He seeks money damages.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Channel will be ordered to file an Amended Complaint, name only proper parties to the action, and assert personal participation by proper parties.

The Court has reviewed the Complaint and finds that it is deficient. Mr. Channel may not sue Defendant Pueblo County Jail, it is not a separate entity from Pueblo County and, therefore, is not a person under 42 U.S.C. § 1983. **See Stump v. Gates**,

777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).
Any claims asserted against the Pueblo Count Jail must be considered as asserted against Pueblo County.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989). Mr. Channel cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694.

Plaintiff also must assert personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Channel must name and show how named defendants caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Channel, therefore, will be directed to file an Amended Complaint that clarifies who he is suing and alleges specific facts that demonstrate how each named

Defendant personally participated in the asserted constitutional violation. In order for Mr. Channel to state a claim in federal court, his Amended "[C]omplaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Channel also should note that he may use fictitious names, such as "Head Nurse" or "Captain," if he does not know the real names of the individuals who allegedly violated his rights. However, if Plaintiff uses fictitious names he must provide sufficient information about each defendant so that they can be identified for purposes of service. Accordingly, it is

ORDERED that Mr. Channel file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant Order and names the proper parties to the action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Channel, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Channel fails to file an original and sufficient copies of an Amended Complaint within the time allowed the action will be dismissed without further notice.

DATED September 22, 2008, at Denver, Colorado.

                                        BY THE COURT:

                                        <u>s/ Boyd N. Boland</u>
                                        United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01862-BNB

Robert Channel
Prisoner No. 95524
Fort Lyon Corr. Facility
PO Box 1000
Fory Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint** form to the above-named individuals on 9/22/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk